UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUSAN HILL                                                CIVIL ACTION

VERSUS                                                    NUMBER 08-426-RET-DLD

STATE OF LOUISIANA,
LOUISIANA DEPARTMENT OF
NATURAL RESOURCES, ET AL

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Baton Rouge, Louisiana, this 1st day of July, 2009.

_____
MAGISTRATE JUDGE DOCIA L. DALBY

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUSAN HILL                                               CIVIL ACTION

VERSUS                                                   NUMBER 08-426-RET-DLD

STATE OF LOUISIANA,
LOUISIANA DEPARTMENT OF
NATURAL RESOURCES, ET AL

## MAGISTRATE JUDGE'S REPORT

This action was filed on July 9, 2008. A review of the record shows a scheduling conference was set for November 6, 2008. On October 23, 2008, the court reset the scheduling conference to January 8, 2009 at 3:00 p.m., upon plaintiff's request that she was trying to serve the defendants and obtain an attorney. On November 6, 2008, plaintiff filed a motion to extend time for service, and the court granted plaintiff until December 19, 2008 to serve the defendants. On December 19, 2008, plaintiff filed a second motion to extend time for service, and the court granted plaintiff until February 13, 2009 to serve the defendants. The court reset the January 8, 2009 scheduling conference to March 19, 2009. On March 12, 2009, service of process had not been made on the defendants; therefore, the court canceled the March 19, 2009 scheduling conference and set a show cause hearing for April 9, 2009. Notice of the April 9, 2009 show cause hearing was sent to plaintiff at the address provided by plaintiff. The notice to plaintiff was returned to the court with a notation of "unclaimed and unable to forward". In addition, the U. S. Marshal was requested and directed to effect personal service of the show cause order upon

plaintiff at the physical address listed on the E.E.O.C. dismissal and notice of rights document that plaintiff filed with her complaint.  The court was notified that the U. S. Marshal made two attempts to serve but was unsuccessful.  The plaintiff failed to appear on April 9, 2009.  As there was no proof of service on the plaintiff, the show cause hearing was reset to June 4, 2009 and notice was sent to plaintiff by regular mail and certified mail at the address provided by plaintiff.  In addition, the U. S. Marshal was requested and directed to effect personal service of the show cause order upon plaintiff at the physical address listed on the E.E.O.C. dismissal and notice of rights document that plaintiff filed with her complaint.  The U. S. Marshal was unable to serve plaintiff, and talked to a neighbor who stated that plaintiff no longer lives at that address as of June 1, 2009.  The notice to plaintiff by certified mail was unclaimed after three attempts.  The notice to plaintiff by regular mail has NOT been returned to the court.  The plaintiff failed to appear on June 4, 2009.  The plaintiff has not contacted the court by telephone or in writing, nor has any new counsel for plaintiff enrolled.

Federal Rules of Civil Procedure Rule 41(b) allow the court to dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order...."

As a practical matter, the case cannot proceed against the defendants if the plaintiff does not prosecute it or respond to the court's orders regarding disposition of the case.

Plaintiffs' failure to prosecute her own claims effectively deprives the defendants of the opportunity to defend themselves from the allegations made against them.  The plaintiff has repeatedly failed to comply with court orders, and has failed to prosecute this action.

## RECOMMENDATION

It is the recommendation of the magistrate judge that this action be dismissed for failure to prosecute pursuant to Federal Rules of Civil Procedure Rule 41(b) for failure to prosecute and for failure to comply with court orders.

Baton Rouge, Louisiana, this 1st day June, 2009.

_____
MAGISTRATE JUDGE DOCIA L. DALBY